( Decided April 2nd, 1863.)

---

THE MAYOR AND CITY COUNCIL OF BALTIMORE *vs.* THE COUNTY COMMISSIONERS OF BALTIMORE COUNTY.

In an action brought by the appellees against the appellants, for the amount paid by them to the State's Attorney of Baltimore county, for attorney's fees and extra compensation in certain cases removed to the Circuit Court for said county, from the Criminal Court of Baltimore city, claimed to have been paid under authority of said Circuit Court, in pursuance of the Acts of 1852, ch. 315, and 1854, ch. 269, transcripts of the records, or short copies of the judgments in said removed cases, were read in evidence by the plaintiffs below, (and used in this Court by agreement,) from which it appeared that no specific allowance of compensation to the State's Attorney had been made, by orders of the Judge of said Circuit Court passed in the respective cases to which such transcripts and short copies relate; but that the costs were taxed in the usual form, differing only in amount, (some items of $30 being marked "ch'd to the city.") HELD:

1. That where the law vests a special power in a Judge, to be exercised as

Mayor & C. C. of Balto. *vs.* County Commrs. of Balto. Co.

he may deem just and proper, it requires some evidence that the judicial discretion committed to him has been exerted in the case.

2. That the Clerk is the amanuensis of the Court, but he must profess to act by the authority of the Judge, in making the entries of the proceedings, to give them validity.

3. The awarding of costs is the act of the Court; their taxation or computation, according to the list of fees prescribed by law, is a duty imposed by law upon the Clerk, subject to the supervision of the Judge.

4. The allowance of compensation to an officer of the Court, in addition to the sum allowed by law, (and not to exceed a certain sum,) as the Judge may deem just and proper, is a judicial, not a clerical act, which must be evidenced by some order, entered under the authority of the Judge, and purporting to be so.

APPEAL from the Superior Court of Baltimore city.

This was an action brought October the 27th, 1857, by the appellees against the appellants, in the Superior Court of Baltimore city, to recover the sum of $2,223.33, the amount of State's Attorney's fees and compensation paid by the appellees to the State's Attorney of Baltimore county, for services rendered in certain cases removed from the Criminal Court of Baltimore city to the Circuit Court for Baltimore county. The case is stated in the opinion of this Court.

The cause was argued before BOWIE, C. J., and BARTOL and GOLDSBOROUGH, J.

*John L. Thomas, Jr.*, for the appellants:

1. The transcripts and short copies of the judgments do not show that the allowances were made by order of the Court.

2. The judgments must show, upon their faces, that the cases were tried, and that the allowances were made *after* the trials. There must be a special order of the Court in each case. The compensation could not be properly allowed by a general order. Act of 1852, ch. 315, sec. 2.

556          MARYLAND REPORTS.

Mayor & C. C. of Balto. *vs.* County Commrs. of Balto. Co.

*Boarman vs. Israel & Patterson, Exrs.*, 1 *Gill*, 372. *Swann, et. al., vs. Mayor & C. C. of Cumberland*, 8 *Gill*, 154. 5 *Georgia*, 185. *Beavers vs. Tremmer, et al.*, 1 *Dutcher*, 99. *Dwarris on Stat.*, 77.

3. The power given to the Court to fix the amount of compensation, is a discretionary one and it must appear from the judgments that such discretion was exercised, and that there was a judicial determination of the same by the Court, and an order emanating from the Court allowing such additional compensation in each case.

4. The Court erred in granting the plaintiff's prayer, because it *assumed the fact* that the transcript of the records and short copies of the judgments showed that the sums therein mentioned as compensation, were due by the defendant, and did not leave the jury to find the fact, that the transcripts show that the compensation had been allowed by the Court. *Brown vs. Ellicott*, 2 *Md. Rep.*, 75. *Gaither vs. Martin*, 3 *Md. Rep.*, 146. *Trump vs. Baltzell, Ibid.*, 295. *Beall vs. Cresswell, Ibid.*, 198. *Balt. & Sus. R. R. Co. vs. Woodruff*, 4 *Md. Rep.*, 242. *Burtles vs. The State, Ibid.*, 273. *Ellicott vs. Peterson, Ibid.*, 476. *Maltby vs. N. W. Va. R. R. Co.*, 16 *Md. Rep.*, 422.

5. The intention of the law was to give the State's Attorney such extra compensation as to the Court might seem just and proper, within the limits prescribed; and that it should appear from the transcripts that the Court had made an estimate of the same before the Clerk of the Court had a right to certify, as provided by the Acts cited.

*N. Williams* and *Wm. Meade Addison*, for the appellees:

1. The appellees were bound to pay the respective amounts taxed in the several cases.

2. Having paid the amounts so taxed, the appellees were entitled to recover them from the appellants.

3. The appellants are estopped from making objection to

the payment by the appellees to the State's Attorney, as the judgments were notice of the taxation of the fees to the appellants, who ought to have warned the appellees against making payment, if they intended to resist it. Acts of 1852, ch. 315, sec. 2, and 1854, ch. 269.

4. The propriety of the allowance, and its mode, in the Circuit Court for Baltimore county, is not examinable in this action. *Raborg vs. Hammond*, 2 *H. & G.*, 50. *Barney vs. Patterson's Lessee*, 6 *H. & J.*, 182. *Taylor & McNeal vs. Phelps*, 1 *H. & G.*, 503. *Clark, et al., vs. Bryan, et al.*, 16 *Md. Rep.*, 176. 1 *Smith's Lead. Cases*, (5th Am. Ed.,) 827. *Grignon's Lessee vs. Astor, et al.*, 2 *Howard*, 319. *Wilson vs. Wilson*, 3 *G. & J.*, 20. *Gwynn vs. Dorsey's Adm'r*, 4 *G. & J.*, 453. *McPherson's Admr. vs. Israel's Admr.*, 5 *G. & J.*, 60. *Thomas' Admx. vs. Frederick Co. School*, 9 *G. & J.*, 115.

BOWIE, C. J., delivered the opinion of this Court:

The appellees sued the appellants, to recover the sum of $2,223.33, the amount of State's Attorney's fees and compensation paid by the appellees to the State's Attorney for said county, for services rendered in certain criminal cases removed from the Criminal Court of the city of Baltimore to the Circuit Court for Baltimore county. The counts in the declaration are for money payable by the defendants to the plaintiffs; for money lent and paid at their request; for money received by the defendants for the use of the plaintiffs; and for money due on account stated between them. On all of which, issues were joined.

At the trial, the appellees offered in evidence the receipt of the State's Attorney for Baltimore county, dated the 19th of November 1855, to the Treasurer of said county, for $2,223.33, "in full for the amount due him as State's Attorney for Baltimore county, for removed cases from Baltimore city, as per return of H. M. Fitzhugh, Clerk, as

558　　MARYLAND REPORTS.

Mayor & C. C. of Balto. vs. County Commrs. of Balto. Co.

per order passed November 19th, 1855." Also, the return of the Clerk of the Circuit Court for Baltimore county, made to the Mayor and City Council of Baltimore, and thereupon asked the following instruction:

"The plaintiffs prayed the Court to instruct the jury, that the transcript of the records, and the short copies of the judgments exhibited in evidence in this cause, show that the several sums therein mentioned as costs and compensation taxed and allowed to the State's Attorney of Baltimore county, were due and payable by the plaintiff to the said State's Attorney; and that if the jury find that a statement of the said costs and compensation, and all other costs in said cases, was sent to the defendant by the Clerk of the Circuit Court for Baltimore county, between the 1st and 10th July 1855; and shall further find that the plaintiffs did pay to the said State's Attorney the sum of $2,223.33, being the amount of said costs and compensation so taxed and allowed as aforesaid, then the plaintiffs are entitled to recover from the defendant the amount so paid by the plaintiffs; provided the jury further find that the said State's Attorney was resident in Baltimore county at the time of the trial of the causes mentioned in said transcripts and short copies of judgments."

"The defendants prayed the Court to instruct the jury, that if they find from the proof the records offered by the plaintiffs, yet the plaintiffs are not entitled to recover in this cause the allowance claimed by them, of $30 in each case tried by L. Williams, the District Attorney, in addition to his legal fee of $3.33⅓, because said allowances do not appear to have been made by any order or judgments of the Court made in said cases respectively."

The Court granted the instruction prayed by the appellees, and refused that submitted by the appellants. To which granting of the former, and rejection of the latter, the appellants excepted.

Independently of the structure of these prayers, they involve the relative powers and duties of the Judges of the Circuit Court for Baltimore county, the Criminal Court of said city, and of the Clerks of said Courts, severally and respectively, under the Act of 1852, ch. 315, entitled, "An Act to provide for the payment of costs in cases removed from the several Courts of the city of Baltimore to the Circuit Court for Baltimore county, and in cases removed from the Circuit Court of Baltimore County," and the Act of 1854, ch. 269, entitled, "An Act to provide for payment of costs in removed cases."

The first Act, after declaring that "in all cases removed from the city to the Circuit Court of Baltimore county for trial, all the costs incurred in the trial of said cases, including jurors, bailiffs, and the officers of the Court, during the time occupied in the trial of said cases, (except such costs in civil cases as shall be charged to either plaintiffs or defendants,) shall be levied and collected from the city of Baltimore," enacts, (sec. 2nd,) that in all criminal cases removed from the Criminal Court of Baltimore to the Circuit Court for Baltimore county, and tried, it may be lawful for the Judges of the said Circuit Court to allow to the State's Attorney for Baltimore county, in addition to the sum now allowed by law, such compensation, not to exceed the sum of thirty dollars for any one case, as the said Judge may deem just and proper, to be levied and collected from the city of Baltimore.

Sections 3rd and 4th, make similar provisions to those of sections 1st and 2nd, "*mutatis mutandis*," as to the costs of cases removed from the county to the city, requiring the costs to be levied by the County Commissioners of Baltimore county on and collected from the county, and paid over to the Register of the city of Baltimore, and the compensation to be levied and collected as aforesaid, and paid

to the Register of the city, for the benefit of the said State's Attorney.

The theory of this Act was, that the county and city, severally and respectively, should provide for the costs in all criminal cases removed from one to the other, by levying the amount thereof on the county or city from which they were removed, and paying the same to the county or city to which they were removed and tried; and that the Judge of the Circuit Court of the county, or Criminal Court of the city, in which the case should be tried, in his discretion, might allow, in addition to the sum allowed by law, such compensation, not exceeding thirty dollars in each case, to be levied and collected from the city or county from which the case was removed.

The Act of 1854, ch. 269, entitled, "An Act to provide for payment of costs in removed cases," by its 1st section enacts, that all costs and expenses incident to the trial of all actions, issues and presentments, removed from one county to another, which are properly chargeable to the county, be borne and paid by the county from which the same are removed.

By section 2nd, the Clerks of the several Courts to which such cases are removed, are required to make and keep a full and accurate account of the costs and expenses, and shall certify and return the same as well to the County Commissioners of the county where the cases originated, as to the County Commissioners of the county where they were tried, setting forth in said returns the names of the several parties to whom said costs and expenses are due, the several amounts thereof, and in what county said parties respectively reside.

Section 3rd enacts, that so much of said costs and expenses as is due to persons resident in the county where said cases are tried or removed to, shall *first be paid by that county*, in the same manner and at the same time as *similar*

*costs and expenses in cases originating in said county* are now levied and paid.

The 4th section enacts, that the county whence such cases are removed, shall, at the first annual levy after the returns made by the Clerks, levy in gross, for the use of the county to which said cases are removed for trial, so much of the said costs and expenses as are required by the third section of the Act to be first paid by that county, and the residue for the several parties entitled thereto by said return.

The 5th section requires the returns of the Clerks of the Courts to be made annually, between the 1st and 10th of July.

The 6th makes the Act applicable to all cases removed to or from the city of Baltimore, and provides that in cases removed from said city, the returns shall be made to the Mayor and City Council, who shall levy and pay the costs in the same manner as is provided in the 4th section of the Act.

These Acts, although *"in pari materia"* in part, are not entirely so, and are not supplementary. The first is a local Act, confined exclusively to cases removed from the city of Baltimore to Baltimore county, and *"vice versa,"* investing the Judge of the Criminal Court of the city, and of the Circuit Court of the county, with discretionary power, peculiar to them, to make compensation, additional to that then allowed by law, to the State's Attorney for the city and county respectively, in certain removed cases. The second Act is general, as its title imports, operative throughout the State, limited to the subject of costs and expenses, and makes no allusion whatever to "compensation additional" to that allowed by law. Its obvious purpose was to enable witnesses and others to collect at home their per diem, costs and expenses, and not to look to another county or city for their remuneration.

The accounts which the Clerks are required to keep and

to certify, are of the costs and expenses "incident to the trial of all actions, issues and presentments removed from one county to another, which are properly chargeable to the county;" such as are common to all the counties of the State. It follows, of course, that the payment of such costs and expenses to the parties resident therein by the county or city where the cases are tried, is limited to the same class.

The Act of 1852, section 2nd, providing for compensation to the State's Attorney for Baltimore county, in cases removed from the city, *expressly* enjoins "to be levied and collected from the city of Baltimore;" and in section 4th, providing for compensation of the State's Attorney of the city, in cases removed from the county, enacts "to be levied by the County Commissioners of Baltimore county, *on* and *collected from* Baltimore county, and paid over to the Register of the city of Baltimore, for the benefit of said State's Attorney."

Such provisions are too explicit to be revoked by implication, and construction not necessary and inevitable. This interpretation of these Acts of Assembly, seems to be sanctioned and confirmed by the sections of the Code in which they are condensed. Costs and expenses are codified in Art. 27. Compensation in removed cases, in Art. 75, sections 74, 75, 76, 77, 78. They are distinctly classified. In the latter, the power of compensation is confined to those cases removed from the city of Baltimore to Anne Arundel, Howard and Harford counties, said allowance to be paid by the Register of the city of Baltimore, or the proper officer, upon *certificate* of the *Judge of the Court* to which said cause or causes were removed. Art. 75, sec. 78.

In cases removed from the county of Baltimore to the city, a similar provision is made by the local laws for said county. Art. 3, Code, tit. "Baltimore county." The transcripts of the records and short copies of judgments referred

DECEMBER TERM, 1862. 563

Mayor & C. C. of Balto. *vs.* County Commrs. of Balto. Co.

to in the bill of exceptions, by agreement of counsel, are not inserted in the record; and it was further agreed that one full record of one of the removed cases being produced and read in evidence, short copies of the proceedings in all the other cases removed from the Criminal Court for Baltimore to the Circuit Court for Baltimore county, and tried at November Term 1854, including the taxation of costs, as certified under the seal of the said Circuit Court, may be read in evidence and have the same effect as if a full copy of the proceedings in each case, duly authenticated, were produced and offered in evidence on the trial, all objections being reserved by the defendants to the foregoing proof which could be taken to the originals, if they were produced.

The appellees' instruction assumes that the transcripts of the records and short copies of the judgments given in evidence under this agreement, show that the several sums therein mentioned, as costs and compensation taxed and allowed to the State's Attorney of Baltimore county, were due and payable by the appellees to the said State's Attorney; and if the jury find that a statement of the said costs and compensation, and all other costs, was sent to the defendant by the Clerk of the Circuit Court for Baltimore county, between the 1st and 10th July 1855, and that plaintiffs did pay to the said State's Attorney the sum of $2,223.33, being the amount of said costs and compensation, the plaintiffs were entitled to recover from the defendant said amount so paid, provided they find the State's Attorney was resident in Baltimore county at the time of the trial of the said causes.

The appellants' instruction negatives the appellees', and declares the plaintiffs are not entitled to recover in this cause the allowances claimed by them of $30 in each case tried by the District Attorney, in addition to his legal fee, because said allowances do not appear to have been made by

564        MARYLAND REPORTS.

Mayor & C. C. of Balto. *vs.* County Commrs. of Balto. Co.

any orders or judgments of the Court made in said causes respectively.

Neither the transcripts of the records, nor the short copies of the judgments, read in evidence by the plaintiffs below, (and used in this Court by agreement,) show any specific allowance, by order of the Judge of the Court, of compensation to the State's Attorney in the cases proved by such transcript and short copies; but the costs are taxed in the usual form, differing only in amount, (some items of $30 being marked "ch'd the city.") The appellees contend that the Clerk is the hand of the Court, and every entry made by him must be presumed to be made under the order and in the presence of the Judge, and in Courts of law such orders are usually verbal.

Where the law invests a special power in a Judge, to be exercised as he may deem just and proper, it requires some evidence that the judicial discretion committed to him has been exerted in the case. The Clerk is the amanuensis, it is true, of the Court, but he must profess to act by the authority of the Judge in making his entries of the proceedings, to give them validity. The awarding of costs is the act of the Court, their taxation or computation, according to the list of fees prescribed, is a duty imposed by law on the Clerk, subject to the supervision of the Judge; but the allowance of compensation to an officer of the Court, in addition to the sum allowed by law, (and not to exceed a certain sum,) as the Judge may deem just and proper, is a judicial, not a clerical act, which must be evidenced by some order entered under the authority of the Judge, and purporting to be so.

The practice of Judges in other circuits, under similar provisions, as well as the obvious intent and meaning of the law, enforce this construction.

The position assumed by the Court below, in their adoption of the appellees' prayer, and rejection of the appel-

a

lants', viz., "that the transcripts of the records and the
short copies of the judgments exhibited in evidence in the
cause, show that the several sums therein mentioned as
costs and compensation taxed and allowed the State's At-
torney of Baltimore county, were due and payable by the
plaintiffs (the appellees) to the said State's Attorney," be-
ing erroneous, the judgment must be reversed, without
*procedendo*.

*Judgment reversed.*